# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JOHN THOMAS DAY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER, SOCIAL SECURITY § <br> ADMINISTRATION, § <br> § <br> Defendant. § | CIVIL ACTION NO. 6:16-CV-00210-RC |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees. (Doc. No. 19.) The Commissioner responded (Doc. No. 20) and Plaintiff replied. (Doc. No. 21.)

## BACKGROUND

On March 14, 2016, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. The Court entered an Order on July 8, 2017 reversing the Commissioner and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed the current motion (Doc. No. 19), and seeks an award of $5,487.32 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). The Commissioner argues that Plaintiff improperly used a month-to-month Consumer Price Index ("CPI") rate and that Plaintiff's claimed hours for filing a motion for extension of time are unreasonable. (Doc. No. 20.)

## DISCUSSION

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988).  Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement.  *Comm'r INS v. Jean,* 496 U.S. 154, 158 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B).  A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).  With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand.  *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).  The Commissioner has the burden of proving that his position was "substantially justified" in this matter and he has not done so here.  *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003).  The Commissioner has not alleged or

shown special circumstances that would render an award unjust. Plaintiff filed her motion within 30 days of the judgment becoming final, together with an itemized account.

The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that the requested increase in the hourly fee is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. Plaintiff requests rates of $189.45 for work done in March 2016, $191.99 for work done in September 2016, $192.20 for work done in October 2016, $191.85 for work done in December 2016, and $194 for work done in in October 2017. The Commissioner objects, arguing the Fifth Circuit applied the CPI on an annual basis and not based on the exact month the work was performed. (Doc. No. 20 at 2) (citing *Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992). Although Plaintiff argues such fees have been calculated before on a month-to-month basis, the Court finds an annual approach follows Fifth Circuit precedent. *Perales*, 950 F.2d at 1079 (finding cost-of-living adjustment should be applied on an annual basis under the EAJA) ; *see also Cunningham v. Comm'r Soc. Soc. Admin.*, No. 9:10-cv-148, 2013 WL 3337293, at *2 (E.D. Tex. July 1, 2013). Accordingly, the Court finds that the rate should be $190.85 for the 2016 hourly rate.

The Commissioner also argues that Plaintiff should not be compensated for filing a motion to extend because counsel is not entitled for compensation on time spent in obtaining an extension. (Doc. No. 20 at 3.) However, the Commissioner failed to object to such an extension of time. (Doc. No. 12.) Accordingly, the Court sees no reason to penalize Plaintiff's counsel for obtaining an unopposed extension. The .3 hours spend on preparing a motion for extension is appropriate.

Therefore, Plaintiff's counsel will be compensated accordingly:

| | |
|---|---|
| 25 hours for work in 2016 x $190.85/hr | $4,771.25 |
| 2.6 hours for work in 2017 x 194.00/hr | $504.40 |
| Paralegal fees | $170 |
| Mail expenses | $13.40 |
| | $5,459.05 |

## CONCLUSION

The Court **ORDERS** that Plaintiff's Petition for Attorney Fees (Doc. No. 19) is **GRANTED-IN-PART**. The Commissioner is hereby **ORDERED** to pay Plaintiff for fees incurred totaling $5,459.05 pursuant to EAJA, 28 U.S.C. § 2412(d). The Commissioner shall pay Plaintiff's EAJA fee award by making the payment payable to Plaintiff and sending the payment to Plaintiff's counsel.

**So ORDERED and SIGNED this 31st day of October, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE